Submitted November 10, 2014, affirmed April 15, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEE JAY DICKENS,
*Defendant-Appellant.*

Umatilla County Circuit Court
CFH110290; A153152

348 P3d 281

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

## HADLOCK, J.

Defendant was convicted of unlawful manufacture of marijuana, ORS 475.856, after he entered a conditional guilty plea to that charge in which he reserved his right to appeal certain pretrial rulings. On appeal, defendant contends that the trial court erred when it granted the state's motion to preclude him from raising an affirmative defense under a particular provision of Oregon's Medical Marijuana Act. As explained below, we conclude that the trial court correctly concluded that one element of the affirmative defense was not supported by any evidence in the record. Accordingly, we affirm.

To provide context for our discussion of the parties' arguments, we briefly describe the relevant statutes. ORS 475.856(1) prohibits the manufacture of marijuana. Under the Oregon Medical Marijuana Act (OMMA), ORS 475.300 to 475.346, "a person engaged in or assisting in the medical use of marijuana is excepted from the criminal laws of the state for possession, delivery or production of marijuana" if certain specified requirements are satisfied. ORS 475.309(1). In addition, a person who does not qualify for exemption from the criminal marijuana laws under the OMMA has "an affirmative defense to a criminal charge of possession or production of marijuana" if the person:

"(a)  Has been diagnosed with a debilitating medical condition within 12 months prior to arrest and been advised by the person's attending physician that the medical use of marijuana may mitigate the symptoms or effects of that debilitating medical condition;

"(b)  Is engaged in the medical use of marijuana; and

"(c)  Possesses or produces marijuana only in amounts permitted under ORS 475.320."

ORS 475.319(1). The pertinent provision of ORS 475.320 provides, in turn, that a "registry identification cardholder or the designated primary caregiver of the cardholder may possess up to six mature marijuana plants * * *." ORS 475.320(1)(a).[1] A person must meet all three of the requirements set out

---

[1] ORS 475.320 includes additional limitations on the amounts of marijuana that are permissible to possess under the OMMA, but those limitations are not pertinent here.

in ORS 419.319(1)(a) to (c) to qualify for the affirmative defense.

In this case, the state did not dispute that defendant could establish that he met the first two of those requirements. The state argued, however, that defendant was not entitled to rely on the affirmative defense because he could not meet his burden of establishing that he met the third requirement, *viz.*, that he possessed no more than six mature marijuana plants. Defendant argued, to the contrary, that he was entitled to pursue the affirmative defense because the record included evidence from which a jury could determine that he possessed only six or fewer mature marijuana plants.

A defendant is entitled to have a jury consider an affirmative defense to a charged crime if the defendant "has presented *some* evidence tending to establish each element" of that defense. *State v. Brown*, 306 Or 599, 602-03, 761 P2d 1300 (1988) (emphasis in original). In accordance with that principle, we describe the facts of this case in the light most favorable to defendant. *State v. Miles*, 197 Or App 86, 88, 104 P3d 604, *rev den*, 338 Or 488 (2005). We review the trial court's ultimate decision to preclude defendant from pursuing the affirmative defense for legal error.

In October 2010, Deputy Sheriff Evans responded to a call at defendant's residence. When Evans entered the residence, she observed multiple plants that were later confirmed to be marijuana. Later that day, Evans applied for and was granted a warrant to search the residence for marijuana plants and other specified items. Evans served the warrant and seized what she described in her return of warrant as seven large leafy green plants and 10 medium plants, each "with bud like substance." Defendant was not at the residence during either Evans's initial visit or her later execution of the search warrant. At a later hearing, Evans testified that the plants she saw at defendant's residence were marijuana and that each of the medium-sized plants was between 16 and 24 inches tall; each of the large plants was at least three feet tall. On cross-examination, Evans acknowledged that some of the smaller plants were under 12 inches in diameter, although she emphasized that they

all had buds.[2] Some of the plants were in pots and some were planted in the ground. In addition, Evans explained, each of the plants had buds, and the "bud-like substance" she described in her return of warrant was a flower.[3] Evans further testified that she is aware of the difference between an immature marijuana plant and a mature plant. When Evans refers to an "immature" marijuana plant in a report, she would describe it as an "under-12-inch-sized green leafy plant, if that was the case," and she "definitely wouldn't put 'bud-like substance' on it," as an immature plant "would not have a bud-like substance on it."

Defendant was charged with one count of unlawful manufacture of marijuana, ORS 475.856, and one count of unlawful possession of marijuana, ORS 475.864. He later provided pretrial notice of his "intent to rely upon the defense of medical marijuana as defined by ORS 475.319." Defendant asserted, in that notice, that he had been "diagnosed with a debilitating medical condition within 12 months prior to arrest or incident date and had been advised by his attending physician that marijuana may mitigate the symptoms or effects of debilitating medical condition."

The state responded to defendant's notice by filing a motion *in limine* seeking an order finding the ORS 475.319 affirmative defense "inapplicable." The state argued, in conjunction with that motion, that defendant could not establish that he possessed or produced only that amount of marijuana "permitted by ORS 475.320," as the affirmative defense requires, because he possessed "more than six mature plants."[4] Defendant raised several arguments in his written response to that motion, only one of which he renews on appeal: that he would be able to establish that he had not

---

[2] In her return of the search warrant, Evans had described the height of the 17 plants somewhat differently, but still reported that even the smaller plants were at least 12 inches tall.

[3] A forensic scientist who later tested some of the marijuana seized from defendant's home testified similarly that what he calls "reproductive bud material" is "[m]ainly the female flowering parts" of the plant.

[4] The state initially argued, further, that defendant impermissibly possessed more than twenty-four ounces of usable marijuana. It later abandoned that theory and confined its argument to an assertion that defendant had more than six mature plants.

possessed more than six mature marijuana plants. In his view,

> "[t]he definition of an immature plant ORS 475.306(3) is a plant less than 12 inches height, less than 12 inches in width with no flower. The police reports indicate: * * * '4 mature plants and eleven smaller plants' with no mention of a flower. Further in the report it is alleged there are 3 more mature plants with no mention of height, width or a flower. The issue of mature or immature plants is question of fact for the jury to decide."[5]

At a hearing on the state's motion *in limine,* Evans testified about the number of marijuana plants she seized from defendant's home, as described above. Defendant also testified, explaining that he had been in Spokane for "[t]wo and a half to three weeks" when his house was searched pursuant to the warrant. He asserted that, before he went to Spokane, he had had "a bunch of little plants" in "little pots," but only four or five "totally mature plants," which were growing in the ground. Although defendant initially testified that he did not know how much the plants would grow in three weeks, he subsequently agreed that they probably would grow six or eight inches in that time. After defendant returned to his home—which occurred after the search warrant had been served—he discovered that somebody had brought three large marijuana plants to his property, without his permission, that had not been there before he went to Spokane.

The trial court ruled that defendant was not entitled to the benefit of the ORS 475.319 affirmative defense, observing that the state had offered "clear evidence * * * that 17 marijuana plants qualifying as mature plants * * * were found on defendant's premises." Even assuming the veracity of defendant's testimony that another person had brought three of those plants to defendant's house while defendant

---

[5] Among other things, defendant also argued below that he was entitled to the benefit of the affirmative defense as long as he did not *knowingly* possess more than six mature plants. The trial court rejected that argument and defendant does not renew it on appeal. We mention that argument only because it provides helpful context for some of the statements the trial court made in granting the state's motion *in limine.*

was in Spokane, the court observed, defendant still pos-. sessed "at the very least 14" mature plants:

"While the defense argues that within the charge there is a 'knowing' element of whether the defendant knew he had too many mature plants, there is no such knowing element contained within ORS 475.319(c). Whether he knew or should have known that he had too many mature plants when the search warrant was issued is not relevant to whether the affirmative defense under the medical marijuana statute may be raised, though such may be relevant at trial on the charges. Whether defendant was present or not at the date of the search and whether the plants grew or not moving them from immature plants to mature plants from the date he left to Spokane and when the search happened on October 2, 2010, is not relevant for the purposes of the affirmative defense. The defendant had in his possession more than six (6) mature plants * * *."

Accordingly, the court concluded, defendant had not offered evidence that was sufficient to prove that the number of mature marijuana plants he possessed was within the number permitted by ORS 475.320. The court therefore granted the state's motion *in limine*, ruling that "defendant is not allowed to present the affirmative defense[] sought under the OMMA."

Defendant entered a conditional guilty plea to the charge of unlawful manufacture of marijuana, reserving the right to appeal the trial court's order granting the state's motion *in limine*, and the unlawful-possession charge was dismissed.

On appeal, defendant raises a single argument: that he was entitled to pursue the ORS 475.319 affirmative defense because the record included "evidence from which the jury *could* find that he possessed six or fewer plants" and it was undisputed that he met all other requirements for the affirmative defense. (Emphasis in original.) Defendant does not point to any specific evidence from which the jury could find that he possessed only the allowable number of mature plants. Instead, defendant suggests that the trial court impermissibly engaged in factfinding by determining that he *actually* possessed more than six plants, rather than assessing whether the record included any evidence from

which the jury could find otherwise. The state responds that no evidence in the record would support a finding that defendant possessed six mature plants or fewer.

We agree with the state. Although defendant's view of the law is correct—that is, defendant is correct that he was entitled to pursue the affirmative defense "if there [was] any evidence to support each element of [it], * * * no matter whether the judge [was] persuaded," *Brown*, 306 Or at 604—his argument fails on the facts. The question before us is whether the record includes any evidence that defendant possessed no more than six mature marijuana plants when Evans served the search warrant and seized multiple plants from defendant's home. A mature marijuana plant is defined as one "that does not fall within the definition of a seedling or a start." OAR 333-008-0010(14). A seedling or a start is "a marijuana plant that has no flowers, is less than 12 inches in height, and less than 12 inches in diameter. A seedling or start that does not meet all three criteria shall be considered a mature plant." OAR 333-008-0010(28).[6]

Here, Evans testified, without contradiction, that she seized 17 large or medium-sized marijuana plants from defendant's home. Evans testified, also without contradiction, that each of those plants was over 12 inches in height and each plant had a "bud-like substance," that is, a flower. Thus, Evans's testimony established that each of the 17 seized marijuana plants was "mature" for two independently sufficient reasons: its height and the fact that it had flowered. Accordingly, it did not matter that some of the plants were less than 12 inches in *diameter*. OAR 333-008-0010(28) ("A seedling or start that does not meet all three criteria shall be considered a mature plant."). Neither Evans's testimony, nor any other evidence proffered by the state, provides any basis for a finding that Evans seized fewer than 17 plants or that any of those plants was not mature.

---

[6] The Oregon Health Authority had statutory authority to promulgate those definitions. ORS 475.306(3) ("The Oregon Health Authority shall define by rule when a marijuana plant is mature and when it is immature. The rule shall provide that a plant that has no flowers and that is less than 12 inches in height and less than 12 inches in diameter is a seedling or a start and is not a mature plant.").

Nor did defendant's own testimony create a jury question regarding whether he possessed six or fewer mature plants. True, defendant did testify that only four or five of his marijuana plants had been "totally mature" when he left for Spokane, and that "a bunch" of other plants he possessed had been "little" then. But defendant did not define "little," and he also testified that the little plants probably would have grown six to eight inches in the roughly three weeks between his departure for Spokane and the day on which Evans seized the plants. Moreover, defendant said nothing about whether any of the little plants had budded before he left town. Accordingly, defendant's testimony does not provide a basis for a finding that no more than two of his little plants had either attained a height of 12 inches, or had sprouted a bud, by the time Evans seized them. (Because defendant acknowledged that he had either four or five mature plants before he left, only a maximum of two could have matured and still left defendant with a permissible number of mature plants.)

We turn to defendant's contention that the trial court improperly weighed the evidence instead of analyzing whether any evidence in the record supported the affirmative defense. It is not clear that any such error in the trial court's analysis would, by itself, provide a basis for reversal, as we are able to assess independently whether the record includes such evidence. In all events, we are not persuaded that the trial court engaged in impermissible factfinding, as defendant asserts. Although the trial court did remark that it found defendant "less than credible," the court nonetheless properly credited defendant's testimony when it analyzed the availability of the affirmative defense. Specifically, the court assumed, as defendant testified, that another person had brought three of the 17 mature plants to defendant's house while he was in Spokane. And the court correctly determined that, even assuming *arguendo* that defendant should not be held responsible for those three plants, the uncontroverted evidence still established that defendant possessed 14 mature marijuana plants on the day the search warrant was served. We reject defendant's argument that the trial court impermissibly weighed the evidence when it granted the state's motion *in limine*.

In short, defendant has not identified—and we have not found—any evidence in the record from which a jury could find that defendant possessed no more than six mature marijuana plants on the day the search warrant was served.[7] Accordingly, the trial court did not err when it granted the state's motion *in limine* on the ground that the record included no evidence from which a jury could find that defendant had an affirmative defense to the unlawful manufacture of marijuana charge under ORS 475.319.

Affirmed.

---

[7] We reiterate that defendant no longer argues that he could be entitled to the benefit of the ORS 475.319 affirmative defense if he proffered evidence that his possession of too many mature plants was not *knowing* because many of the plants were little when he left for Spokane.